IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

AMY DEAVERS,

          Plaintiff,

v.                                    CIVIL ACTION NO.   2:21-cv-00423

JOSHUA MARTIN, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are the United States of America and Defendants Mike King ("King") and Scott Lowther's ("Lowther") Motion to Dismiss Defendants Scott Lowther and Mike King From All Claims in the Complaint Which Are Subject to the Federal Tort Claims Act (FTCA) and to Substitute the United States as the Defendant in Their Place, (ECF No. 15) ("Motion to Substitute"), and Motion of the United States of America and Defendants Scott Lowther and Mike King to Dismiss Plaintiff's Complaint, (ECF No. 17) ("Motion to Dismiss"). Additionally pending is Defendants Kanawha County Commission ("Kanawha County") and Joshua Martin ("Martin") (collectively with all defendants, "Defendants") Motion to Join the Motion of the United States of America and Defendants Scott Lowther and Mike King to Dismiss the Plaintiff's Complaint. (ECF No. 24.)  For the reasons more fully explained below, the Motion to Substitute, (ECF No. 15), is **DENIED AS MOOT**, the Motion to Dismiss, (ECF No. 17), is **DENIED**, and the Motion to Join is **GRANTED**, subject to the Court's determinations below.

I.   BACKGROUND

This action arises out of an alleged unreasonable search and seizure by members of a joint task force during the attempted execution of a capias order in 2020.  The following allegations are drawn from Plaintiff Amy Deavers's ("Plaintiff") Complaint.  Plaintiff, at all times relevant to the Complaint, was a resident of Glasgow, Kanawha County, West Virginia.  (ECF No. 1–1 at ¶ 1.) Martin was a Corporal with the Kanawha County Sheriff's Department and resident of West Virginia.  (*Id.* at ¶ 2.)  Lowther was an officer with the Putnam County, West Virginia, Sheriff's Department.  (*Id.* at ¶ 4.)  King was an officer with the Roane County, West Virginia, Sheriff's Department.  (*Id.* at ¶ 5.)  Kanawha County was a West Virginia public entity which oversaw and operated the Kanawha County Sheriff's Department.  (*Id.* at ¶ 3.)

Martin, Lowther, and King (together, the "Deputy Defendants"), participated in a joint task force in Kanawha County, West Virginia, in June 2020.  (*Id.* at ¶¶ 8–9.)  During the morning hours of June 15, 2020, the Deputy Defendants arrived at Plaintiff's residence to apprehend one Florence Kiewra ("Kiewra"), a fugitive who had apparently violated the terms of her furlough for her prior crimes.  (*Id.* at ¶ 9.)  Plaintiff was not related to Kiewra, and Kiewra did not reside at Plaintiff's residence.  (*Id.* at ¶ 10.)  However, on the night prior to this incident, Kiewra stayed at Plaintiff's residence with Plaintiff's daughter, who happened to be visiting Plaintiff.  (*Id.* at ¶ 11.) Plaintiff's daughter did not reside with Plaintiff at the residence.  (*Id.* at ¶ 12.)

Upon their arrival at Plaintiff's residence, one of the Deputy Defendants asked if Kiewra was present.  (*Id.* at ¶ 13.)  Plaintiff responded affirmatively, at which point "several of the Defendants . . . approached the entry . . . intending to enter[.]"  (*Id.* at ¶ 14.)  Plaintiff inquired

2

whether the Deputy Defendants had a warrant, to which one of the Defendants allegedly responded that "he did not need . . . a piece of paper to enter the house." (*Id.* at ¶ 15.)

At this point, one of the Deputy Defendants allegedly "grabbed Plaintiff and forcefully threw her to the porch facedown . . . and handcuffed her." (*Id.* at ¶ 16.) This Defendant remained on top of Plaintiff while the other Deputy Defendants entered the residence to detain Kiewra. (*Id.* at ¶ 17.) While Plaintiff was restrained, the Defendant allegedly kept his knee in her back, pulled her hair repeatedly, and slammed her head into the porch. (*Id.* at ¶ 18.) Once Kiewra had been detained, Plaintiff was uncuffed and released from her restraint. (*Id.* at ¶ 19.)

Unbeknownst to Plaintiff, the Circuit Court of Kanawha County, West Virginia, had issued a capias order on June 3, 2020, for the arrest of Kiewra. (*Id.* at ¶ 20.) Yet, at no time during this alleged incident did the Deputy Defendants inform Plaintiff of the existence of the capias order. (*Id.* at ¶ 21.) Furthermore, Plaintiff alleges that no search warrant existed for the entry into Plaintiff's residence, nor did she consent to the Deputy Defendants' entry on to her property. (*Id.* at ¶¶ 22–23.) Plaintiff further alleges that no exigent circumstances existed that would have necessitated the Deputy Defendants' entry into the residence. (*Id.* at ¶ 24.)

Plaintiff alleges that the Kanawha County Sheriff's Department was the lead agency of the joint task force for the arrest and detention of Kiewra. (*Id.* at ¶ 25.) Plaintiff further alleges that the Kanawha County Sheriff's Department had "no policies, procedures, practices, training materials, guidelines or other documents specific to the execution of a capias orders, entry of dwellings, and placement of a non-suspect in handcuffs." (*Id.* at ¶ 26.) Plaintiff alleges that the Kanawha County Sheriff's Department failure to use body cameras or other recording devices does not allow the Sheriff's Department "to provide additional training based upon objective

evidence from incident scenes." (*Id.* at ¶ 27.) Finally, Plaintiff asserts that as "a direct and proximate result of Defendants' conduct," she was "damaged." (*Id.* at ¶ 28.)

Plaintiff initiated this action by filing her Complaint in the Circuit Court of Kanawha County on June 15, 2021. (*See generally id.*) The Complaint asserts four causes of action. Count I asserts a cause of action for unreasonable search and seizure, brought pursuant to 42 U.S.C. § 1983, against the Deputy Defendants. (*Id.* at 4.) Count II asserts a cause of action for unlawful detainer and excessive force, brought pursuant to 42 U.S.C. § 1983, against the Deputy Defendants. (*Id.* at 4–5.) Count III asserts a cause of action for the intentional infliction of emotional distress ("IIED") against the Deputy Defendants. (*Id.* at 5.) Finally, Count IV asserts a claim of negligence against Kanawha County. (*Id.* at 5–6.)

On July 28, 2021, Kanawha County and Martin removed the action to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. (ECF No. 1.) Thereafter, King and Lowther filed their motions on October 27, 2021. (ECF Nos. 15, 17.) Plaintiff timely responded to each of these motions, separately, on November 5, 2021. (ECF Nos. 19, 20.) King and Lowther then filed a timely consolidated reply on November 12, 2021. (ECF No. 23.)

On November 15, 2021, Kanawha County and Martin filed its motion to join. (ECF No. 24.) Plaintiff timely responded on November 24, 2021. (ECF No. 28.) Kanawha County and Martin did not file a reply. Subsequently, this Court entered an order on February 14, 2022, staying discovery and other proceedings upon motion by the parties,[1] pending resolution of the instant motions. With briefing complete, these motions are ripe for adjudication.

---

[1] King and Lowther originally filed the motion to stay but represented that Kanawha County and Martin agreed with the argument that this action should be stayed. (ECF No. 29 at 2.) Thereafter, the parties submitted a proposed order which expressed that Plaintiff was also agreeable to staying the action. (ECF No. 31.)

## II. LEGAL STANDARD

A. *Subject-Matter Jurisdiction under Rule 12(b)(1)*

"Federal district courts are courts of limited jurisdiction." *Haley v. Virginia Dep't of Health*, No. 4:12-cv-00016, 2012 WL 5494306, at *2 (W.D. Va. Nov. 13, 2012). Therefore, "[i]t is axiomatic that a court must find it has jurisdiction before determining the validity of any claims brought before it." *Price v. West Virginia Air Nat'l Guard, 130th Airlift Wing*, Civ. Action No. 2:15-cv-11002, 2016 WL 3094010, at *2 (S.D. W. Va. June 1, 2016). Whether a court possesses subject matter jurisdiction may be raised by a party or by the court, sua sponte, at any point in the litigation. *Domestic Violence Survivor's Support Group, Inc. v. Crouch*, Civ. Action No. 2:18-cv-00452, 2020 WL 59949897, at *4 (S.D. W. Va. Oct. 7, 2020). If, at any point, the court lacks subject matter jurisdiction, the claim must be dismissed. *Id.* "The burden of showing the existence of subject matter jurisdiction rests on the plaintiff." *Adkins v. United States*, 923 F.Supp.2d 853, 857 (S.D. W. Va. 2013).

B. *Motion to Dismiss under Rule 12(b)(6)*

A pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id*. Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id*. "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted).

### III. DISCUSSION

*A. Motion to Join*

The Court begins by addressing Defendants Kanawha County and Martin's Motion to Join the Motion of the United States of America and Defendants Scott Lowther and Mike King to Dismiss the Plaintiff's Complaint. (ECF No. 24.) Kanawha County and Martin move the Court to join both motions filed by King and Lowther, (ECF Nos. 15, 17), and "incorporate and adopt" those motions. (ECF No. 24 at 1.) The motion, (ECF No. 24), shall be, and hereby is, **GRANTED** to the extent that Kanawha County and Martin join in the arguments presented by King and Lowther. In joining those motions, however, Kanawha County and Martin are necessarily subject to the Court's findings and conclusions as explained herein.

The pending motions overlap considerably with each other. The first motion, which the Court has deemed the "Motion to Substitute," argues for the dismissal of any tort claims against the individual defendants and the substitution of the United States as a party defendant pursuant to the FTCA. Similarly, the second motion, or the "Motion to Dismiss," seeks the dismissal of any tort claims because Plaintiff failed to exhaust her administrative remedies pursuant to the FTCA, as well as any § 1983 claims because the Deputy Defendants were acting under federal authority and thus not state actors. Recognizing the significant overlap between these motions, the Court will take up the Motion to Dismiss, (ECF No. 17), first.

*B. Motion to Dismiss*

In support of their motion to dismiss, Defendants King and Lowther—along with the United States of America—argue that they served as Special Deputies of the United States Marshals Service, pursuant to the Intergovernmental Personnel Act of 1970, at the time of the

7

events alleged in Plaintiff's Complaint. (ECF No. 18 at 1.) Pursuant to the Intergovernmental Personnel Act, Defendants assert that "Congress has deemed defendants [] Lowther and [] King to be federal employees covered by the Federal Tort Claims Act[.]" (*Id.*) Defendants assert that the FTCA requires an individual seeking damages for torts alleged to have been committed by federal employees to file administrative claims with the appropriate federal agency, in this case, the United States Marshals Service, prior to filing a lawsuit. (*Id.* at 1–2.) Further, assuming that a plaintiff has filed an administrative claim, any subsequent lawsuit must be filed in a federal district court. (*Id.*) Here, because Plaintiff has not filed any administrative claim for her alleged damages with the Marshals and filed her claims in state court, Lowther and King assert that the Court lacks subject matter jurisdiction and must dismiss the Complaint. (*Id.* at 2.) Finally, Defendants argue that Plaintiff does not have a legally viable claim pursuant to 42 U.S.C. § 1983, as that statute is not applicable to federal employees. (*Id.* at 7.)

In response, Plaintiff first argues that, as to the Deputy Defendants asserted federal status, the Court should not and cannot make such a factual determination at this time. (ECF No. 19 at 2.) In support of this argument, Plaintiff asserts that the Terms of Special Deputation of the Oath of Office dictate that the appointment to the task force "does not constitute employment by the United States Marshals Service, the United States Department of Justice, or the United States Government." (*Id.* at 3 (quoting ECF No. 15–1).) Further, Plaintiff argues that the FTCA does not apply to the constitutional claims she has asserted, and that even if the Deputy Defendants were federal actors at the time of the alleged events, she has sufficiently plead constitutional violations pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In so asserting, Plaintiff asks the Court to either construe her claims as properly plead under *Bivens* or to

8

grant her leave to amend "the title of Counts I and II." (*Id.* at 6–7.) Finally, and in apparent concession that the FTCA may dictate the dismissal of her claim for intentional infliction of emotional distress, Plaintiff has agreed to voluntarily dismiss that claim without prejudice. (*Id.* at 9–10.)

### 1. The Federal Tort Claims Act

The Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub. L. No. 100–694, §§ 5-6, 102 Stat. 4563 (codified as amended at 28 U.S.C. § 2679) (commonly referenced as the "Westfall Act") provides absolute immunity from lawsuits alleging torts for federal employees, as well as to require the substitution of the United States as the defendant in their place in cases subject to the FTCA. *See* 28 U.S.C. §§ 1346(b), 2671–2680. The FTCA further provides the following:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). This requirement of filing an administrative claim is jurisdictional and may not be waived. *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986).

Notably, the FTCA only applies to those claims "caused by the negligent or wrongful act or omission of any employee of the Government[.]" 28 U.S.C. § 2675(a). Plaintiff has agreed to voluntarily dismiss the only tort claim she asserted against the Deputy Defendants, a cause of action for the intentional infliction of emotional distress.[2] Because Plaintiff has voluntarily

---

[2] The Court is aware that Plaintiff has asserted a claim of negligence against Kanawha County. However, as Kanawha County is not a federal actor, it is not covered by the FTCA. *See* 28 U.S.C. § 2671 (defining "federal agency" and "employee of the government).

9

abandoned her tort claim against the Deputy Defendants, the only remaining causes of action against them are for constitutional violations, and thus the FTCA does not apply. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 477–78 (1994) ("holding that a "constitutional tort claim is not 'cognizable' under § 1346(b) because it is not actionable under § 1346(b)"); *Thibeaux v. United States Attorney General*, 275 Fed. Appx. 889, 893 (10th Cir. 2008) ("Although the FTCA permits certain causes of action to be brought against federal officers acting in their official capacities, Thibeaux's constitutional claims are not cognizable under the FTCA."); *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) ("Damages suits complaining about unconstitutional actions by federal law enforcement officers are governed by *Bivens* if the suit is against the officers[.]"); *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995) ("[C]onstitutional claims are outside the purview of the Federal Tort Claims Act.")

Therefore, for the foregoing reasons, Defendants' Motion to Dismiss is **DENIED AS MOOT** regarding Plaintiff's claim for the intentional infliction of emotional distress.[3]

2. *Constitutional Claims*

Defendants next move for the dismissal of Plaintiff's constitutional claims. Plaintiff has brought her claims pursuant to 42 U.S.C. § 1983.

Section 1983 establishes that any "person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]" The purpose of this statute "is to deter state actors from using the badge of their authority

---

[3] Defendants have also argued that the Court lacks subject-matter jurisdiction under the derivative jurisdiction doctrine, where they assert that because Plaintiff failed to pursue her administrative remedies under the FTCA, this Court cannot assert jurisdiction based on removal. (ECF No. 18 at 6.) However, as Plaintiff has abandoned her claims that may be subject to the FTCA, this argument is no longer at issue and is therefore **DENIED AS MOOT**.

10

to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks omitted). To state a claim for relief brought pursuant to § 1983, a plaintiff must show that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Section 1983 "does not reach . . . the actions of the Federal Government and its officers are at least facially exempt from its proscriptions." *District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973). *See also Earle v. Shreves*, 990 F.3d 774, 777 (4th Cir. 2021) ("But §1983 does not provide a cause of action against federal officials, and there is no analogous statute imposing damages liability on federal officials.") (emphasis in original).

This action presents a thought-provoking factual dichotomy at this early stage. On the one hand, Plaintiff's allegations sufficiently allege constitutional violations committed by state actors. (*See* ECF No. 1–1 at ¶¶ 2–5, 29–34, 35–42.) On the other, the Deputy Defendants and the United States Attorney have provided evidence and certifications that the Deputy Defendants were instead federal actors. (*See* ECF Nos. 15–1, 15–2, 15–3, 24–1.) However, because the FTCA has no applicability to this case on account of Plaintiff voluntarily dismissing her only tort claim against the Deputy Defendants, neither do the certifications provided by the United States Attorney, as those were filed "acting pursuant to 28 U.S.C. § 2679(d)[.]" (*See* ECF No. 15–2.) As described above, this statute sets forth that, for claims subject to the FTCA, upon the certification that a federal employee was acting within the scope of employment at the time of the

11

incident, the United States shall be substituted as the party defendant. 28 U.S.C. § 2679(d)(1). *See also Boes v. Metzinger*, 2010 WL 11681453, at *5 (D.S.D. July 12, 2010). Because there are no remaining tort claims against the Deputy Defendants, the certifications for substitution have no applicability as to Plaintiff's allegations.

Taking the allegations in the Complaint as true and construing the pleadings in the light most favorable to Plaintiff, the Court finds that there are sufficient factual averments to preclude the dismissal of her § 1983 claims. *Id.* at *6. Defendants argue that her constitutional claims are subject to dismissal because she has failed to plead them pursuant to *Bivens*. (*See* ECF No. 16 at 10–11.) The Court is reminded of the axiom in considering this motion: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556, 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).) Plaintiff has, and the outright dismissal of her claims over a dispute raised to satisfy an unrelated statute no longer at issue in this case would work an injustice. Whether the Deputy Defendants were state or federal actors at the time of these allegations is a dispute better suited for discovery. In light of this dispute, Plaintiff has also alternatively requested the opportunity to amend her Complaint, for which the Court will grant her leave.

For the foregoing reasons, Defendants' Motion to Dismiss, (ECF No. 15), is **DENIED**.[4] Plaintiff's request to amend her Complaint is **GRANTED**, with any amendment due within 21 days of entry of this Order.

---

[4] Kanawha County also relies on the certifications of the United States Attorney that the Deputy Defendants were not under its purview at the time of the events alleged in the Complaint to support its scant argument that its dismissal from this action is warranted. (ECF No. 24 at 2.) For the same reasons as above, taking Plaintiff's allegations in the light most favorable to her, Plaintiff has stated a plausible claim for relief against Kanawha County, and its motion to

C. *Motion to Substitute*

The United States of America moves the Court to allow its substitution in this matter because at the time of this alleged incident, the Deputy Defendants were working as Special Deputies of the Cuffed Task Force of the United States Marshals Service. (ECF No. 16 at 1.) However, in light of the fact that Plaintiff has agreed to voluntarily dismiss her tort claims against the Deputy Defendants, the motion to substitute is now moot. The substitution of the United States as the party defendant only applies to those claims subject to the FTCA. *Boes*, 2010 WL 11681453, at *5. *See also Carlson v. Green*, 446 U.S. 14, 20 (1980) ("In the absence of a contrary expression from Congress, § 2680(h) thus contemplates that victims of the kind of intentional wrongdoing alleged in this complaint shall have an action under FTCA against the United States as well as a *Bivens* action against the individual officials alleged to have infringed their constitutional rights.")

Therefore, for the foregoing reasons, Defendants' Motion to Substitute, (ECF No. 15), is **DENIED AS MOOT.**

IV. CONCLUSION

For the reasons more fully explained above, the United States of America, King, and Lowther's Motion to Dismiss Defendants Scott Lowther and Mike King From All Claims in the Complaint Which Are Subject to the Federal Tort Claims Act (FTCA) and to Substitute the United States as the Defendant in Their Place, (ECF No. 15), is **DENIED AS MOOT**. Further, the United States of America, King, and Lowther's Motion to Dismiss Plaintiff's Complaint, (ECF No. 17), is **DENIED**. Additionally, Defendants Kanawha County and Martin's Motion to Join the Motion of the United States of America and Defendants Scott Lowther and Mike King to dismiss, to the extent joined here, is **DENIED**.

Dismiss the Plaintiff's Complaint, (ECF No. 24), is **GRANTED**, subject to the Court's adjudication of the motions above. Plaintiff's request to amend her Complaint is **GRANTED**, and any amendment shall be filed within 21 days of entry of this Order. Finally, the Clerk is **DIRECTED** to lift the stay in this action and return the matter to the Court's active docket. The most recent scheduling order, (ECF No. 22), remains in full force and effect.

    **IT IS SO ORDERED**.

    The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                                   ENTER:        February 23, 2022

                                   THOMAS E. JOHNSTON, CHIEF JUDGE